**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LISMARYS COELLO,

Plaintiff,

v. CASE NO.:

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Lismarys Coello (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, Experian Information Solutions, Inc. (hereinafter "Experian" or "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, *Supervisory Highlights Consumer Reporting Special Edition* 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; Defendant transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff financed the purchase of a motor vehicle through Westlake Financial Services (hereinafter "Westlake"), (hereinafter the "Westlake Account"). Plaintiff's loan with Westlake was protected by Guaranteed Asset Protection ("GAP") coverage.

14. Plaintiff was involved in an automobile accident, and her vehicle was deemed a total loss.

15. Following the total loss, Plaintiff's automobile insurance carrier and her GAP coverage approved and made payments toward the remaining balance owed on the vehicle. The insurance proceeds and GAP payment satisfied the Westlake Account in full, and the Westlake Account should have been reporting a balance of $0.00.

16. Upon information and belief, Westlake failed to properly process and apply the insurance and GAP payments to the Westlake Account.

17. Plaintiff contacted Westlake on multiple occasions to have the payments applied and the Westlake Account corrected, but Westlake failed to resolve the issue.

18. Plaintiff is a responsible consumer who pays her obligations. Every other account on Plaintiff's credit report is in good standing, with payments made as agreed. It would make no sense for Plaintiff, who has a consistent record of

timely payments on all her other accounts, to suddenly fail to pay this one account. The Westlake Account was not left unpaid by Plaintiff; it was satisfied by the insurance and GAP payments made after her vehicle was declared a total loss.

19. Prior to disputing, Plaintiff reviewed her credit reports and discovered that Experian was reporting the Westlake Account with an outstanding balance of $6,686.00. This was inaccurate, as the balance on the Westlake Account should have been reported as $0.00.

20. Further demonstrating the unreliability of the information being furnished regarding the Westlake Account, Equifax was simultaneously reporting the very same account with a balance of $17,016.00.

21. On or about September 11, 2026, Plaintiff sent a detailed written dispute letter via USPS Certified Mail to Experian. In the detailed letter, Plaintiff included her social security number, address, and date of birth to prove her identity. Furthermore, Plaintiff included images of her Florida Driver's License and Social Security card. Plaintiff informed Experian that it was inaccurately reporting a balance on the Westlake Account, as the account had been satisfied by the insurance and GAP payments following the total loss of her vehicle. Plaintiff provided Experian with her Westlake payment history, the GAP payment

approval, and correspondence invoking the appraisal clause of her insurance policy.

22. Plaintiff never received dispute results from Experian.

23. On or about October 19, 2026, Plaintiff obtained an updated copy of her credit report and was stunned to see that Experian was not only continuing to report an inaccurate balance on the Westlake Account, now $6,711.00, but had also added late payment notations to the account.

24. Rather than correcting the Westlake Account after receiving Plaintiff's dispute and supporting documentation, Experian's reporting of the account became even more inaccurate and more damaging to Plaintiff.

25. Notably, Equifax deleted the Westlake Account from Plaintiff's credit file following Plaintiff's dispute. Experian, despite being provided with the same information and documentation, continued to report the account with an inaccurate balance and added derogatory late payment notations.

26. Upon information and belief, Experian failed to conduct a reasonable investigation and simply parroted information it received from the furnisher, Westlake. Experian received all the information necessary to determine that the Westlake Account had been satisfied, carried a $0.00 balance, and was not

delinquent. Credit Reporting Agencies such as Experian should be able to verify the veracity of Plaintiff's claims and that an error was being made by Westlake.

27. Experian never attempted to contact Plaintiff during the alleged investigation.

28. As a result of Experian's inaccurate reporting of the Westlake Account, Plaintiff's credit score dropped by approximately 100 points.

29. On or about November 2, 2026, Plaintiff sent another detailed written dispute letter via Certified USPS Mail to Experian. In the detailed letter, Plaintiff again included her social security number, address, and date of birth to prove her identity, along with images of her Florida Driver's License and Social Security card. Plaintiff again informed Experian that the Westlake Account was inaccurately reporting a balance and late payments, as the account had been satisfied by the insurance and GAP payments following the total loss of her vehicle, and again provided the supporting documentation.

30. As of the filing of this Complaint, Plaintiff has not received dispute results as to this detailed dispute letter.

31. As of the filing of this Complaint, upon information and belief, Experian has failed to review or conduct a reasonable investigation as to Plaintiff's disputes. The inaccurate reporting of the Westlake Account continues.

32. Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher, Westlake.

33. Plaintiff continues to suffer as of the filing of this Complaint with Experian's reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate. Experian continues to defame Plaintiff by reporting an inaccurate balance and inaccurate delinquent payment behavior.

34. At any point during this process, had Experian conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different.

35. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

36. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time. Plaintiff's attempts to correct her credit file have resulted in fees and costs;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Experian's reluctance to fix the errors;

iii. Reduction in credit score of approximately 100 points as Experian failed to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

v. Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

## CAUSES OF ACTION
## COUNT I
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)

37. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39. Experian allowed a furnisher, Westlake, to report inaccurate and erroneous account information to Plaintiff's credit file.

40. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

41. Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

42. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

43. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Lismarys Coello, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

47. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Experian allowed a furnisher, Westlake, to report inaccurate and erroneous account information to Plaintiff's credit file.

49. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50. Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

51. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

52. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

53. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Lismarys Coello, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

55. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

56. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

57. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

58. Plaintiff provided Experian with the information it needed to confirm the balance and pay status of the Westlake tradeline were inaccurate. Experian ignored this information, failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate, and instead added late payment notations to the account.

59. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

60. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Lismarys Coello, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

62. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

63. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

64. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

65. Plaintiff provided Experian with the information it needed to confirm the balance and pay status of the Westlake tradeline were inaccurate. Experian ignored this information, failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate, and instead added late payment notations to the account.

66. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Lismarys Coello, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Lismarys Coello, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, Experian Information Solutions, Inc.; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Dated this 12th day of November, 2026.

Respectfully submitted,

*<u>/s/ Octavio Gomez</u>*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*